UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

GEOPHYSICAL SERVICE, INCORPORATED,

    Plaintiff,

v.

MURPHY OIL CORPORATION,

    Defendant.

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 2 4 2017

DOUGLAS F. YOUNG, Clerk
By _____
Deputy Clerk

17-1023

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND TRADE SECRETS MISAPPROPRIATION

Plaintiff, GEOPHYSICAL SERVICE INCORPORATED, by and through undersigned counsel, brings this Complaint against defendant, MURPHY OIL CORPORATION, for damages and injunctive relief, and in support thereof states as follows:

1. This is an action for copyright infringement arising under the Copyright Act, 17 U.S.C. § 501.

2. This is also an action for Trade Secret Misappropriation under Arkansas law.

3. This Court has subject matter jurisdiction over the Plaintiff's copyright infringement claims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

4. This Court has subject matter jurisdiction over the Plaintiff's Arkansas Trade Secret Claims pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship and 28 U.S.C. § 1367.

5. GEOPHYSICAL SERVICE INCORPORATED ("GSI") is a corporation formed pursuant to the laws of Canada and duly registered to do business in the Province of Alberta and elsewhere in Canada, with its head office at 1010 8th Avenue SW, Calgary, Alberta, T2P 1J2.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

6. MURPHY OIL CORPORATION ("Murphy") is a corporation incorporated pursuant to the laws of the State of Arkansas, with its head office located at 300 Peach Street, El Dorado, Arkansas 71730. Murphy may be served with process by serving its registered agent, The Corporation Service Company, 124 West Capitol Avenue, Suite 1400, Little Rock, Arkansas, 72201.

7. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8. Defendant is subject to personal jurisdiction in Arkansas.

9. Venue is proper in this district under 28 U.S.C. § 1400(a) because Murphy resides in this district, Murphy committed acts of infringement in this district, and Murphy has a regular and established place of business in this district.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims occurred in this district, and because Murphy resides in this district.

## FACTS

11. GSI provides seismic data services to the oil and gas industry including non-exclusive data acquisition, licensing and storage of seismic, gravity and magnetic data. GSI's business is premised on expending, at great risk, capital, time, technology, know-how, personnel and other resources to collect, purchase, store, process and re-process seismic data which can be licensed for a fee to oil and gas companies for use in exploring for oil, gas and other hydrocarbons.

12. The collection of seismic data involves the use of specialized know-how to set appropriate technical parameters, the employment of specialized personnel and the use of

specialized technical equipment. The collection of seismic data in the undersea or marine environment, in particular, further involves the use of a specialized marine vessel.

13. The equipment utilized generates sound waves typically through the use of tuned air source arrays (in the case of offshore operations), in combination with sensitive recording devices to record and create seismic data over an area of interest. Locating the lines to be recorded and the acquisition technical parameters involves the application of know-how, experience, judgment and utilizes proprietary techniques and equipment. Specialized storage devices are used to store the results on magnetic media.

14. The seismic data, to be useful, must be processed through the application or know-how, experience, judgment and through the use of proprietary techniques, computer programs and technology to put the data in a form which can be utilized by a customer involved in exploring for oil and gas. One useful format for seismic data is a two-dimensional representation called a "seismic line." Prior to the widespread availability of high powered computers, seismic lines were produced on paper or other physical media (e.g., mylar), but with the advent of advanced personal computers seismic data previously licensed in physical form is now licensed in a standardized computer digital format known as "SEG Y."

15. Seismic lines can be interpreted to reveal aspects of the earth's internal structure in the area covered by the seismic line. A seismic line is "picture" of the earth's rock layers in cross-section. The extent of the earth's layers and earth properties that can be discerned in a seismic line will depend on the acquisition parameters selected by GSI to initially create the data, and also on processing decisions made by GSI concerning how to assemble and process the data into seismic lines. Different acquisition parameters and separately different processing parameters can result in a seismic line with a different "look" to the displayed or visualized data.

Even if GSI itself used the same acquisition parameters or the basic processing parameters commonly disclosed by others the seismic line would be unique and still "look" different because there are too many points along the way where judgment, skill, input, and changed conditions exist to exactly duplicate the original creation. Thus the acquisition and processing decisions reflect the creative input of GSI personnel.

16. GSI's seismic data, and the seismic lines and sections produced from seismic data, are highly confidential and proprietary to GSI. GSI's seismic data, and GSI's seismic lines and sections, are only known to GSI and its licensees. GSI only permits the use of its seismic materials by licensees pursuant to written licensing agreements with strict confidentiality provisions. GSI takes measures to guard the secrecy of its seismic data, lines and sections so that unlicensed third-parties do not obtain it without GSI's authorization. GSI's seismic data, lines and sections are extremely valuable and are the main licensing income producing asset of its business. Licensing revenues support all GSI's investments in ships, equipment, training, personnel, and the creation of new seismic data. GSI has invested hundreds of millions of dollars to acquire and develop its seismic data, lines and sections, and this material cannot be easily re-created by others without significant training, equipment, multi-million dollar investments, know-how, personnel and resources. On the other hand the seismic data can be copied very inexpensively.

17. The seismic data that GSI creates, purchases, stores, processes and re-processes, as well as the methods it uses to collect, purchase, store, process and re-process the seismic data, is confidential and proprietary to GSI. This information and know-how is not generally known to the public or GSI's competitors. At all times, GSI endeavors to maintain the secrecy of its

confidential and proprietary information in order to protect it from disclosure to its clients, prospective clients, competitors and the general public.

## THE SEISMIC MATERIALS AT ISSUE

18. GSI is the owner of certain confidential and proprietary seismic, gravity, and magnetic data, and interpretations or derivations that incorporate such data, and related materials, which were recorded and created offshore of Nova Scotia, Newfoundland and Labrador, Canada.

19. GSI is the owner of seismic survey data that it created, recorded and processed around the offshore Nova Scotia, Newfoundland and Labrador, Canada area in the Atlantic Ocean for at least the following surveys:

| SURVEY | PROGRAM |
|---|---|
| Newfoundland 1981 | 8620-G005-012P |
| Offshore Eastern Canada 1971 | 8620-G005-001P |
| Offshore Eastern Canada 1972 | 8620-G005-004P and 8627-C020-001DA |
| Newfoundland 1979 Jeanne D'Arc 1985 3D | 8620-G005-011P |
| Newfoundland 1982 | 8620-G005-002P |
| Flemish Pass 1999 | 8924-G005-003P |
| Flemish Cap 1983 | 8624-G005-009P |

20. GSI processed, re-processed, transcribed and stored the seismic data as seismic lines. The specific seismic surveys each containing a number of lines at issue are listed above, and others that may be discovered in the course of this action, will be referred to herein collectively as "**GSI's Seismic Materials.**"

## COPYRIGHT PROTECTION OF SEISMIC MATERIALS

21. Copyright protects original works of authorship, fixed in any tangible medium, from which the works may be perceived or reproduced. GSI creates its seismic data by first creating a specific designed sound, recording the reflections of the sound from each sub-surface interface (layer), then compiling and processing the sound into seismic materials such as seismic lines which are original works of authorship protected by copyright. GSI's originality in GSI's Seismic Materials is represented in the acquisition parameters selected for data acquisition (such as the spacing of the acquisition lines, the length of the acquisition cable, the time spacing of the samples, the location and orientation of the survey, proprietary equipment it designed and used, etc.), and in the design, selection and order of processing schemes to process the data (for instance, the choice of velocity models for migration, the choice of migration techniques, educated opinions about velocities, the selection of gain parameters, etc.).

22. GSI's Seismic Materials are fixed in a tangible medium from which they may be perceived. GSI's Seismic Materials are stored in physical form on digital media, paper, microfiche, or mylar. In addition, GSI stores all of its Seismic Materials in digital form in a database, and the stored digital database is the "tangible medium" from which the data may be viewed, such as through a terminal computer workstation. GSI's Seismic Materials are protectable by copyright.

## MURPHY OIL CORPORATION

23. Murphy is in the business of oil and gas exploration, development, and production.

24. Murphy has a Canadian subsidiary, Murphy Oil Company, Ltd. ("Murphy Canada") with principal offices in Centennial Place-East Tower 400, 520-3 Avenue SW, Calgary, AB T2P 0R3.

25. It is well known and understood in the oil and gas exploration business that seismic materials are kept confidential by seismic companies like GSI and only made available under license for a fee and pursuant to strict non-disclosure and limited use requirements to companies like Murphy and Murphy Canada pursuant to strict non-disclosure requirements.

26. Murphy is a typical user and licensor of third party seismic materials. Upon information and belief, Murphy, like most other oil companies, also licenses its own proprietary seismic materials to third parties. At all material times, Murphy knew or should have known that GSI's Seismic Materials were confidential and only available to authorized licensees.

27. Murphy, like most other oil companies, maintains one or more databases of seismic lines in "SEG Y" format. Murphy, like most other oil companies, scans seismic lines it receives in physical format (e.g. paper or mylar) into SEG-Y format and stores them in its database for easy access and use.

28. At all relevant times, Murphy was aware that GSI's Seismic Materials were confidential and only available pursuant to a license agreement because Murphy Canada, or its predecessors, a subsidiary of Murphy, previously entered into numerous license agreements with GSI and its predecessors since 1973, including most recently a Master Seismic Data License Agreement, dated November 27, 2000.

29. Murphy, by way of affiliation with Murphy Canada, had actual knowledge that all GSI Seismic Materials are confidential, copyright protected and proprietary to GSI and all rights,

intellectual property rights, and copyright in and to GSI's Seismic Materials were and would remain the sole and exclusive property of GSI.

### MURPHY IMPORTS UNAUTHORIZED COPIES OF GSI'S SEISMIC MATERIALS FROM CNLOPB AND CNSLOPB

30. GSI has at various times been required by legislation in Canada to submit certain versions of GSI's Seismic Materials to various Canadian regulatory boards including the Canada-Nova Scotia Offshore Petroleum Board ("CNSOPB").

31. CNSOPB is a Canadian federal/provincial regulatory board created pursuant to the Canada-Nova Scotia Offshore Petroleum Resources Accord Implementation Act, S.C. 1988, c. 28.

32. Pursuant to the Nova Scotia Offshore Petroleum Geophysical Operations Regulations, N.S. Reg. 181/95, and after the legislation came into effect, GSI was required to, and did, submit to the CNSOPB a copy of GSI's Seismic Materials, primarily in paper and mylar but also in various digital formats, on a confidential basis.

33. CNSOPB was required to keep GSI's Seismic Materials confidential.

34. Murphy, as a typical company in the oil and gas exploration business knew that it was not authorized to obtain or use GSI's Seismic Materials from any source, including CNSOPB, without a written license from GSI.

35. Also, Murphy Canada and Murphy, as related entities under their license agreements with GSI, knew that GSI's Seismic Materials are only made available to it under license for a fee and pursuant to strict non-disclosure and limited use requirements.

36. Unbeknownst to GSI, on numerous occasions in at least the year 1998 if not earlier, Murphy requested copies of GSI's Seismic Materials from CNSOPB without notice to

GSI. In response, CNSOPB released the GSI Seismic Materials to a copy service that copied and shipped GSI's Seismic Materials to Murphy in El Dorado, Arkansas. CNSOPB did not notify GSI that CNSOPB released GSI's Seismic Materials and CNSOPB concealed this information from GSI at the request of Murphy.

37. More specifically, on January 7, 1998, in response to Murphy's request for copies of GSI's Seismic Materials, CNSOPB sent a request to Norman Wade Company Ltd. ("Wade Company"), a copy service, to copy the seismic section and/or map, the report and enclosures, and paper maps to certain seismic lines from GSI's Seismic Materials.

38. Wade Company copied and shipped GSI's Seismic Materials to Murphy in El Dorado, Arkansas.

**MURPHY CANADA OBTAINS UNAUTHORIZED COPIES OF GSI'S SEISMIC MATERIALS FROM CNLOPB**

39. GSI submitted its Seismic Materials to another Canadian regulatory board, the Canada Newfoundland and Labrador Offshore Petroleum Board ("CNLOPB").

40. CNLOPB is a Canadian federal/provincial regulatory board created pursuant to the Canada Newfoundland Atlantic Accord Implementation Act, S.C. 1987, c. 3, as amended, and the Canada-Newfoundland and Labrador Atlantic Accord Implementation Act, R.S.N.L. Pursuant to the Newfoundland Offshore Area Petroleum Geophysical Operations Regulations, SOR 95-334, passed pursuant to the Canada Newfoundland Offshore Atlantic Accord Implementation Act S.C. 1987, c.3, and after the legislation came into effect, GSI was required to, and did, submit to the CNLOPB a copy of GSI's Seismic Materials, primarily in paper and mylar but also in various digital formats, on a confidential basis.

41. CNLOPB was required to keep the GSI's Seismic Materials confidential.

42. On March 16, 1998 and March 27, 1998, Murphy Canada sent requests to CNLOPB for copies of GSI's Seismic Materials.

43. In response to the requests by Murphy Canada, CNLOPB sent GSI's Seismic Materials to Wade Company for copying who in turn shipped the copies of GSI's Seismic Materials to Murphy Canada.

### MURPHY IMPORTS UNAUTHORIZED COPIES OF GSI'S SEISMIC MATERIALS FROM MURPHY CANADA AND ANADARKO

44. Anadarko Petroleum Corporation ("Anadarko") is an energy company headquartered in Houston, Texas. Anadarko, like Murphy, obtained unauthorized copies of GSI's Seismic Materials from CNSOPB and CNLOPB. In addition, Anadarko also obtained unauthorized copies of GSI's Seismic Materials from Murphy and Murphy Canada.

45. On or about January 10, 2013, CNLOPB informed GSI of 16 separate instances of access and copying of GSI's Seismic Materials by Murphy during the two and a half year timeframe spanning mid-1996 to February 1999.

46. GSI had no knowledge of Murphy's copying of GSI's Seismic Materials prior to the CNLOPB's disclosure to GSI in 2013.

47. GSI first learned that Anadarko copied and sent GSI's Seismic Materials to Murphy in discovery produced in litigation in Canada on or about September 29, 2014.

48. On September 2, 2016, Jeff Good testified on behalf of Murphy Canada in a deposition for a separate suit between GSI and Murphy Canada. The testimony revealed that Murphy has unauthorized copies of GSI's Seismic Materials in the United States in a database at Murphy's offices in this district.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

49. Murphy imported unauthorized copies of GSI's Seismic Materials into the United States. Murphy Canada and/or Anadarko obtained the unauthorized copies of GSI's Seismic from a copy service that obtained GSI's Seismic Materials from CNLOPB and/or CNSOPB.

50. When Murphy imported GSI's Seismic Materials, Murphy knew it had no authorization to obtain copies of GSI's Seismic Materials from any source other than GSI.

51. After Murphy imported GSI's Seismic Materials, Murphy copied those Seismic Materials by scanning them and storing them in SEG-Y format in Murphy's database at its offices in this district.

52. GSI has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

53. Plaintiff GSI incorporates the allegations of paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. GSI owns valid copyrights in the GSI Seismic Materials.

55. The GSI Seismic Materials have been registered with the Register of Copyrights. Alternatively, the GSI Seismic Materials are foreign works created in Canada subject to the Berne Convention for the Protection of Literary and Artistic Works, and exempt from the registration requirements of 17 U.S.C. §411.

56. Murphy imported unauthorized copies of GSI Seismic Materials without GSI's authorization in violation of GSI's exclusive distribution rights under 17 U.S.C. § 106 as applied to importation by 17 U.S.C. § 602(a).

57. Murphy copied GSI Seismic Materials without GSI's authorization in violation of GSI's exclusive reproduction right under 17 U.S.C. § 106.

58. GSI has been damaged.

59. The harm caused to GSI is irreparable.

## COUNT II
## TRADE SECRET MISAPPROPRIATION

60. Plaintiff GSI incorporates the allegations of paragraphs 1 through 52 of this Complaint as if fully set forth herein.

61. GSI's Seismic Materials are trade secrets belonging to GSI.

62. Murphy has never been licensed or authorized to obtain or possess GSI's Seismic Materials except pursuant to Murphy licenses.

63. Murphy unlawfully obtained and possessed GSI's Seismic Materials without GSI's authorization and thereby improperly obtained, used, and/or disclosed GSI's trade secrets.

64. GSI has been damaged as a proximate result of Murphy's misappropriation.

WHEREFORE, the Plaintiff GSI prays for judgment against Murphy:

a. A permanent injunction be entered against Murphy prohibiting the continued use and/or disclosure of GSI's Seismic Materials;

b. A full accounting of all copies, vectorizing (hi definition scanning of paper or mylar to create digital SEGY format data that can be loaded on a workstation), scanning, and any third party distribution or sale of the GSI Seismic Materials;

c. Murphy be required to pay GSI the amount by which Murphy was unjustly enriched by its use of GSI's Seismic Materials including Murphy's profits from such use,

calculated at no less than the license fee for each instance of unlawful copying or distribution;

       d.     Murphy be required to pay GSI's actual damages from Murphy's infringement and trade secret misappropriation, plus Murphy's profits from the infringement and misappropriation;

       e.     Murphy be required to pay GSI exemplary damages and attorney's fees; and that

       f.     GSI be awarded such other and further relief as the Court deems just and proper.

Dated: March 13, 2017

Respectfully submitted,

*(signature)*

JOEL B. ROTHMAN
Joel.rothman@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL  33431
561.404.4350 – Telephone
561.404.4353 – Facsimile
561.404.4335 – Direct

*Attorneys for Plaintiff Geophysical Service, Incorporated*